UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

RIKISHA S. SMITH,

                            Plaintiff,

                                                          5:21-CV-0005
v.                                                        (MAD/ML)

JOSEPH JACKSON,

                            Defendant.

───────────────────────────────────────────

APPEARANCES:                                        OF COUNSEL:

RIKISHA S. SMITH
  Plaintiff, *Pro Se*
223 Otisco Street
Syracuse, New York 13204


MIROSLAV LOVRIC, United States Magistrate Judge


**ORDER and REPORT-RECOMMENDATION**

       The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an application to

proceed *in forma pauperis* (Dkt. No. 2) filed by Rikisha S. Smith ("Plaintiff") to the Court for

review.  For the reasons discussed below, I deny as moot Plaintiff's *in forma pauperis*

application (Dkt. No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in

its entirety without leave to amend.  Further, in light of Plaintiff's abuse of the judicial process in

this District, I recommend the issuance of an anti-injunction order preventing her from filing any

further actions in this District without prior permission from the Chief District Judge.

## I.    BACKGROUND

On October 24, 2018, Plaintiff commenced a *pro se* action in the Northern District of New York, No. 5:18-CV-1252 (LEK/ATB) ("*Smith I*") along with five minor children S.L.H., A.I.L., S.J.H., A.P.H., P.I.L., and the organization referred to as the Children's Rainbow No #'s, against defendants President George W. Bush, President Obama, Dr. Scott, Dr. Jackson, Donald Trump, and Supreme Courts.  (*Smith I*, Dkt. No. 1.)

On November 1, 2018, U.S. Magistrate Judge Andrew T. Baxter granted Plaintiff's IFP application but recommended dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  (*Smith I*, Dkt. No. 4.)  Judge Baxter found Plaintiff's complaint in *Smith I* to be frivolous and incomprehensible.  (*Id*. at 4.)

On November 28, 2018, Plaintiff filed an amended complaint in *Smith I*.  (*Smith I*, Dkt. No. 6.)

On December 3, 2018, Senior United States District Judge Lawrence E. Kahn adopted Judge Baxter's report and recommendation in its entirety.  (*Smith I*, Dkt. No. 8.)  Judge Kahn dismissed Plaintiff's complaint with prejudice against Plaintiff and the Children Rainbow #s and without prejudice against S.L.H., A.I.L., S.J.H., A.P.H., and P.I.L.  (*Id*.)  Judgment was entered on December 3, 2018.  (*Smith I*, Dkt. No. 9.)

On December 4, 2018, Plaintiff filed a notice of appeal in *Smith I*.  (*Smith I*, Dkt. No. 12.)

On December 4, 2018, Judge Kahn issued a text order stating, *inter alia*, "[t]he Amended Complaint and other recent filings are collections of documents, submitted without explanation, that do not assert any new claims for relief.  As Smith's claims were dismissed with prejudice, and the children here are not represented by counsel, the Court will not consider the Amended Complaint, nor any further filings by Smith in this matter."  (*Smith I*, Dkt. No. 14.)

On December 27, 2018, Plaintiff filed a motion to reopen the case.  (*Smith I*, Dkt. No. 16.)  On January 2, 2019, Judge Kahn issued a text order denying Plaintiff's motion because "[t]he Court previously advised Smith that her claims were dismissed with prejudice and that it would not consider any further submissions from her in this matter" and "the Motion to Reopen articulates no grounds on which reopening would be appropriate."  (*Smith I*, Dkt. No. 17.)

On June 12, 2019, the Second Circuit dismissed Plaintiff's appeal "because it lacks an arguable basis either in law or in fact."  (*Smith I*, Dkt. No. 20.)

On July 6, 2020, Plaintiff commenced a *pro se* action in the Northern District of New York, No. 5:20-CV-0748 (TJM/ML) ("*Smith II*"), against defendants Rikita Smith, President Nixon, Torron J. Baxter, Nikki Piddilla, Marina Bewer, Strauther L. Hosea, Strauthmeek J. Hosea, Jason S. Lebron, Sadi, Laverne Scott, Dorthy Sullivan, and Tonya Crawford.  (*Smith II,* Dkt. No. 1.)

On August 21, 2020, the undersigned issued an Order and Report-Recommendation that, *inter alia*, denied as moot Plaintiff's *in forma pauperis* application and recommended that Plaintiff's Complaint be dismissed in its entirety with leave to amend, finding that it was frivolous.  (*Smith II,* Dkt. No. 10.)

On August 27, 2020, Plaintiff filed an Amended Complaint (*Smith II,* Dkt. No. 11) and objections to the Order and Report-Recommendation dated August 21, 2020 (*Smith II,* Dkt. No. 14).

On September 2, 2020, Senior United States District Judge Thomas J. McAvoy issued an Order that, *inter alia*, (1) overruled Plaintiff's objection, (2) accepted and adopted the Order and Report-Recommendation of August 21, 2020, and (3) referred Plaintiff's Amended Complaint to the undersigned for review.  (*Smith II,* Dkt. No. 17.)

3

On October 9, 2020, the undersigned issued an Order and Report-Recommendation that, *inter alia*, recommended dismissal of Plaintiff's amended complaint without leave to amend, finding that it was frivolous. (*Smith II*, Dkt. No. 26.) That Order and Report-Recommendation is currently pending before Judge McAvoy. (*See generally Smith II* docket sheet.)

On October 6, 2020, Plaintiff commenced a *pro se* action in the Northern District of New York, No. 5:20-CV-1225 (MAD/ML) ("*Smith III*"), against defendant President Bill Clinton. (*Smith III,* Dkt. No. 1.)

On October 13, 2020, the undersigned issued an Order and Report-Recommendation that, *inter alia*, denied as moot Plaintiff's *in forma pauperis* application and recommended that Plaintiff's Complaint be dismissed in its entirety with leave to amend, finding that it was frivolous. (*Smith III,* Dkt. No. 9.) That Order and Report-Recommendation is currently pending before United States District Judge Mae A. D'Agostino. (*See generally Smith III* docket sheet.)

On January 5, 2021, Plaintiff commenced this *pro se* action ("*Smith IV*") by the filing of her Complaint against Joseph Jackson, who is alleged to be the "Dad of Jacksons."[1] (Dkt. No. 1.)

---

[1]    The Court notes that Plaintiff's Complaint also purports to list several other individuals as defendants. More specifically, in various sections, the Complaint lists as defendants "Clause Act," "12-24," "Christmas Eve," "Patriot's act," and "AS863 Bill" (Dkt. No. 1 at 1), "Shawn Corey Carter" and "Beyonce Giselle Knowles" (*id.* at 2), "12-25," "The Holey Bible King James," "James M. Hanley," and "Andrew Jackson," (*id*. at 5), "Katherine Jackson" (*id*. at 6), "Christopher George Latore Wallace" (*id*. at 10), "Erika Badoo" and "Willow Smith" (*id*. at 11), "Wassam Al Mana" and "Saints Purge Masters Purge Jewels Calendar" (*id*. at 14), "James Madison (Africa)" (*id*. at 18), and "James Monroe (Africa)" and "James K. Polk (Africa)" (*id.* at 19). In addition, the Complaint appears to list several other individuals as plaintiffs. More specifically, in various sections, the Complaint lists as plaintiffs "A.P.H.," "S.J.H.," "S.L.H.," A.I.L.," and "R.S.S." (*Id*. at 1, 5, 10, 14, 18.) However, the Complaint is incomprehensible and contains a myriad of clearly frivolous statements, which do not appear to have any connection to any of the alleged plaintiffs or defendants. As a result, it is unclear whether Plaintiff intended to assert causes of actions against these purported defendants or on behalf of these purported plaintiffs or whether the notations are merely additional nonsensical allegations.

The Complaint consists of five different form complaints, which purport to assert actions arising under (1) 42 U.S.C. § 1983; (2) Title VII of the Civil Rights Act, as amended; (3) for employment discrimination based on age; (4) the Americans with Disabilities Act; and (5) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See generally* Dkt. No. 1.)  The Complaint is a series of incomplete sentences that are largely indecipherable and devoid of factual assertions.  (*Id*.)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Because Plaintiff has paid the statutory filing fee (Dkt. No. 1, Attach. 1 at 1), the motion to proceed *in forma pauperis* is denied as moot.  *Ping Lin v. Holder*, 387 F. App'x 93, 97 (2d Cir. 2010) ("The pending motion to proceed *in forma pauperis* is DENIED as moot because the filing fee has already been paid.").

## III.   LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed, notwithstanding payment of the filing fee.  *Fitzgerald v. First East Seventh Street Tenants Corp*., 221 F.3d 362, 364 (2d Cir. 2000) (a district court "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *see also Pflaum v. Town of Stuyvesant, Columbia Cnty., N.Y.*, 11-CV-0335, 2016 WL 865296, at *1, n.2 (N.D.N.Y. Mar. 2, 2016) (Suddaby, C.J.) (finding that the Court had the power to address and dismiss additional theories of the plaintiff's retaliation claim *sua sponte* because those theories were so lacking in

arguable merit as to be frivolous).  In determining whether an action is frivolous, the court must

consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*,

490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of

court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327;

*Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe her

pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes

of action be dismissed.

Plaintiff's Complaint is comprised of twenty-one pages of incoherent text written on

every form-complaint from the Clerk's office.  (*See generally*, Dkt. No. 1.)  By way of example,

in the facts portion of Plaintiff's Complaint that was filed on the Civil Rights Complaint pursuant

to 42 U.S.C. § 1983 form, Plaintiff alleges as follows:

> STory about Joseph Jackson 7-26 6-27
> and Katherine Jackson 5-4
> Baker St Syracuse N.Y. Gilbert Baker 6-2
> Elizabeth St Syracuse N.Y. Queen Elizabeth
> 4-21 Human cloning AS863 Andrew Jackson
> 20 bill AS863 Patriots act unsolved homiside
> cases Syracuse N.Y. (315) Purge Masters 11-23 11-26 11-28
> Purge Day 321 Talisha Unique Smith
> Uncle Charles Smith Father and daughter 421 Montgomery St
> Hason Myrick 123 snap benefits walefare building
> House congress
> House of representatives

(Dkt. No. 1 at 2-3 [errors in original].)  In addition, in the causes of action portion of Plaintiff's

Complaint that was filed on the Civil Rights Complaint pursuant to 42 U.S.C. § 1983 form,

Plaintiff alleges as follows:

FIRST CAUSE OF ACTION
Jason S Lebron date of birth 1-5 president
Calvin Coolidge grandma name Mrs Rubby
Calvin Mcalpine grandma name Mrs. Ruby
Jason S Lebron aunt name Brinda Godwin
Calvin Mcalpine grandma name Brinda Bush

SECOND CAUSE OF ACTION
Calneisha Mcalpine dad name is
Calvin Mcalpine
Calmesha Givings dad name is
Calvin Givings Calmesha Giving and Joseph
is married story about Joseph Jackson
and Katherine Jackson

THIRD CAUSE OF ACTION
We all attended East Gate Church
Hudson St Syracuse N.Y.
Jason S Lebron grandma has a resturant
named ruby's soul food Calvin Mcalpine
grandma Mrs ruby has a resterant named
Ruby's soul food South ave that
was closed down

(Dkt. No. 1 at 3 [errors in original].)  In the facts portion of Plaintiff's Complaint that was filed

on the Civil Complaint pursuant to Title VII of the Civil Rights Act, as amended form, Plaintiff

alleges as follows:

Game chess
St Chester
Chestor the melestor "Jessy" old man
White Calvin "Lepercones"
Patrick "Lepercones"
Franky "Lepercones"
20$ 3-15 President Andrew Jackson B-day deaf date 6-8
Syracuse N.Y. area code (315) Human cloning AS863
2-7S 7-12S Calendar Telepathies
And Human Trafficing children with lead poinson

 (Dkt. No. 1 at 7 [errors in original].)

As the Complaint is currently drafted, the Court is unable to meaningfully analyze,

whether, and to what extent, Plaintiff has pleaded any colorable claim against Defendant.  (*See*

7

*generally* Dkt. No. 1.)  Plaintiff's Complaint places an unjustified burden on the Court and,

ultimately, on Defendant "'to select the relevant material from a mass of verbiage.'"  *Salahuddin*

*v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice

and Procedure § 1281, at 365 (1969)).

As a result, I recommend the complaint be dismissed as frivolous.  *See, e.g., Gillich v.*

*Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and*

*recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.);

*Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.)

("Under these circumstances, having found that none of the allegations in Plaintiff's meandering

and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the

Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.");

*see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of

Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which

the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true

substance, if any, is well disguised.").

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires.").  An opportunity to amend is not required, however, where "the problem

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is

not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*1

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[2]

In this case, because the Court already afforded Plaintiff an opportunity to amend her

Complaint in *Smith I* and *Smith II*, and recommended that she be provided an opportunity to

amend her Complaint in *Smith III*, and as set forth *infra*, each of Plaintiff's complaints and

attempts at amendments have been deemed frivolous, I find that the Court need not grant

Plaintiff an opportunity to amend.  *See Official Comm. of Unsecured Creditors of Color Tile,*

*Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating*

*& Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998)) (finding that the

"District Court did not abuse its discretion in denying [the plaintiff] leave to amend the

complaint because there was a 'repeated failure to cure deficiencies by amendments previously

allowed.'"); *Hall v. Clinton Cnty.*, 18-CV-1405, 2020 WL 1923236, at \*7 (N.D.N.Y. Apr. 21,

2020) (Suddaby, C.J.) (dismissing without leave to amend the *pro se* plaintiff's amended

complaint where the court "already afforded Plaintiff an opportunity to amend his Complaint");

*Carrasco v. Annucci,* 17-CV-0246, 2017 WL 6492010, at \*2 (N.D.N.Y. Dec. 15, 2017)

---

[2]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

(Suddaby, C.J.) (dismissing a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend "because plaintiff has already had two opportunities to amend the complaint"); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

Moreover, the Court notes that after a careful review of the Complaint, there is no possible amendment to that Plaintiff could propose that would state a claim against Defendant. Plaintiff's allegations are "exactly the type of claims that the courts refer to as 'fanciful' or 'frivolous,' and clearly not 'plausible' on their face.  Such claims cannot be cured by amendment and must be dismissed without leave to replead." *Smith v. Bush*, 18-CV-1252, 2018 WL 10550928, at *4 (N.D.N.Y. Nov. 1, 2018) (Baxter, M.J.) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional")), *report and recommendation adopted by*, 2018 WL 10550926 (N.D.N.Y. Dec. 3, 2018) (Kahn, J.).

As a result, I recommend that Plaintiff's Complaint be dismissed without leave to amend.

## VI.    RECOMMENDATION OF BAR ORDER

Courts have always recognized that they may resort to restrictive measures when responding to vexatious litigants.  *In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993) (noting that the Supreme Court and other Circuits have imposed restrictive measures). The Court has the obligation to protect the public and the efficient administration of justice from individuals who have a history of vexatious and harassing litigation because it imposes needless expense on the parties and an unnecessary burden on the court.  *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).  In this context, courts have accepted the need for permanent injunctions as a result of

extraordinary patterns of vexatious, harassing, and baffling litigation practices. *In re Aarismaa*,

233 B.R. 233, 247 (N.D.N.Y. 1999) (McAvoy, C.J.); *Toro v. Depository Trust Co.*, 97-CV-5383,

1997 WL 752729, at \*4 (S.D.N.Y. Dec. 4, 1997) (identifying the All Writs Act as a legal basis to

impose sanctions and enjoin a plaintiff who abuses the judicial process).

Under the All Writs Act, 28 U.S.C. § 1651, a court may sanction a vexatious litigant who

abuses the judicial process by enjoining him from pursuing future litigation without leave of the

court. *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004); *Malley v. New York City*

*Bd. of Educ.*, 112 F.3d 69, 69-70 (2d Cir. 1997). An enjoinder may be permanent or may impose

the less drastic remedy of a "leave to file" requirement. *In re Sassower*, 20 F.3d 42, 44 (2d Cir.

1994) (noting the court's ability to levy a leave to file requirement); *Raffee v. John Doe*, 619 F.

Supp. 891 (S.D.N.Y. 1985) (granting a permanent injunction restraining the plaintiff from filing

any further actions); *In re Aarismaa*, 233 B.R. at 247 (observing that such "restrictive measure[s]

have included foreclosing the filings of pleadings in a particular case or requiring that leave of

court first be sought").

Before regulating a truculent and persistent litigant by restricting future access to the

court, a court should consider

> (1) the litigant's history of the litigation and in particular whether it
> entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's
> motive in pursuing the litigation, and in particular whether the litigant has
> a good faith expectation of prevailing; (3) whether the litigant is
> represented by counsel; (4) whether the litigant has caused needless
> expense to other parties or has posed an unnecessary burden on the courts
> and their personnel; and (5) whether other sanctions would be adequate to
> protect the courts and other parties.

*Toro*, 1997 WL 752729, at \*4 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

It is clear that Plaintiff fits the mold of a pestilent litigator who can only be estopped from

pursuing frivolous litigation by sanctions more austere than dismissing her actions. First, a

review of Plaintiff's litigation history shows that all of her filed claims are frivolous.  Second,

Plaintiff could not have had a good faith expectation of prevailing in her civil actions as they not

only patently lack any legal basis, but she has already been told by multiple federal judges of this

fact.  Third, although Plaintiff is a *pro se* litigant, she has filed four lawsuits in the Northern

District of New York and she has appealed to the Second Circuit Court of Appeals.  In each

instance, Plaintiff has been informed of the shortcomings of her pleadings/appeals, and has

received explicit direction as to how to remedy and replead, all of which has fallen on deaf ears.

Fourth, Plaintiff has caused needless harassment and burden on the Court in having to

understand the basis for her filings, only to discover that she has already presented the very same

(or substantially similar) claims to other judges, but because she did not like the result, she insists

on refiling, presumably until she obtains the desired result of monetary compensation.  Plaintiff

has unquestionably taxed the resources of this Court because "[e]very paper [she has] filed with

the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the

institution's limited resources."  *In re McDonald*, 489 U.S. 180, 184 (1989).   Fifth, in light of

Plaintiff's litigation history, it does not appear that any other sanction, short of an injunction, will

be adequate to protect the Court from Plaintiff's insatiable appetite for continued litigation. *See*

*Ulysses I & Co., Inc. v. Feldstein*, 01-CV-3102, 2002 WL 1813851 (S.D.N.Y. Aug. 8, 2002),

*aff'd sub nom, Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27 (2d Cir. 2003).

Thus, I recommend in addition to dismissal of the within case that, pursuant to 28 U.S.C.

§ 1651(a) and the Court's inherent authority to control and manage its own docket so as to

prevent abuse in its proceedings, Plaintiff be prohibited from making any future filings in this

District without prior leave of the Chief Judge.  *See Yefimova v. Trustco Bank*, 17-CV-0730,

2017 WL 4216987, at *3-4 (N.D.N.Y. July 31, 2017) (Stewart, M.J.) (recommending a bar order

where the plaintiff was deemed a persistent, frivolous litigator), *report and recommendation adopted by*, 2017 WL 4157337 (N.D.N.Y. Sept. 18, 2017) (Suddaby, C.J.).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** as moot; and it is further

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and it is further respectfully

**RECOMMENDED** that Plaintiff be permanently enjoined from filing any other cases in this District without leave of the Chief District Judge.  As noted below, Plaintiff will be provided a brief period of time for her to lodge any objections she has to this Court's recommendations. Plaintiff may choose to use that opportunity to also address the recommendation barring her from filing cases in this District without prior permission; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

---

[3]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: January 11 , 2021
        Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge