**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

RIKISHA S. SMITH,

Plaintiff,

    vs.

5:21-CV-0005<br>(MAD/ML)

JOSEPH JACKSON,

Defendant.

_____

APPEARANCES:                              OF COUNSEL:

**RIKISHA S. SMITH**
223 Otisco Street
Syracuse, New York 13204
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

ORDER

On January 5, 2021, Plaintiff commenced this action against numerous Defendants

including Joseph Jackson, Shawn Corey Carter, Beyonce Giselle Knowles, Andrew Jackson,

Katherine Jackson, Erika Badoo, Willow Smith, Patriots, Saints, James Madison, James Monroe,

and James K. Polk.  *See* Dkt. No. 1.  Plaintiff's complaint alleges causes of action under 42 U.S.C.

§ 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act

of 1991, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634(b), American

with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and *Bivens v. Six Unknown Agents of the Federal

Bureau of Narcotics*, 403 U.S. 388 (1971).  *See generally id*.  The instant complaint is the latest in

a string of unintelligible and incoherent pleadings filed by Plaintiff in this District.  As with each

1

of the other complaints, two of which have been reviewed by the undersigned, Plaintiff has failed

to plausibly allege any entitlement to relief. Accordingly, this action is dismissed with prejudice.

and this action is accordingly dismissed with prejudice. Additionally, in light of Plaintiff's history

of frivolous filings, the Court will refer to Chief Judge Glenn T. Suddaby the recommendation

from Magistrate Judge Lovric that Plaintiff be permanently enjoined from filing any other case in

this District without leave of the Chief Judge, unless represented by counsel.

In an Order and Report-Recommendation dated January 11, 2021, Magistrate Judge

Lovric denied Plaintiff's *in forma pauperis* ("IFP") application as moot, as Plaintiff had already

paid the statutory filing fee. *See* Dkt. No. 5 at 5. Additionally, Magistrate Judge Lovric

performed an initial review of the complaint and recommended that the Court dismissed Plaintiff's

complaint without leave to replead. *See id.* at 6. Magistrate Judge Lovric found that Plaintiff's

complaint was "comprised of twenty-one pages of incoherent text written on every form-

complaint from the Clerk's office." *Id.* at 6. Further, Magistrate Judge Lovric found that, "[a]s

the Complaint is currently drafted, the Court is unable to meaningfully analyze, whether, and to

what extent, Plaintiff has pleaded any colorable claim against Defendant." *Id.* at 7. While noting

the policy in this Circuit of affording *pro se* litigants the opportunity to amend their pleadings

prior to outright dismissal, Magistrate Judge Lovric nevertheless recommended that this action be

dismissed without leave to amend. *Id.* at 7–9. In addition, Magistrate Judge Lovric undertook a

thorough and comprehensive review of each of the prior cases filed by Plaintiff in this District.

*See id.* at 2–5. Two of the three suits have been dismissed as frivolous, and the last one is

currently before the undersigned. *See id.* As such, Magistrate Judge Lovric found that Plaintiff

"fits the mold of a pestilent litigator who can only be estopped from pursuing frivolous litigation

by sanctions more austere than dismissing her actions." *Id.* at 11. Magistrate Judge Lovric

recommended "in addition to dismissal of the within case ... [with] the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings, Plaintiff [should] be prohibited from making any future filings in this District without prior leave of the Chief Judge." *Id.* at 12. Plaintiff has not objected to the Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed the January 11, 2021 Order and Report-Recommendation, Plaintiff's complaint and the applicable law, the Court finds that Magistrate Judge Lovric correctly determined that the complaint should be dismissed. A review of Plaintiff's complaint makes clear

that it suffers from several deficiencies. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993).

Here, reading the complaint liberally, there is no "suggest[ion] that the plaintiff has a claim that [she] has inadequately or inartfully pleaded and ... should therefore be given a chance to reframe." *Cuoco*, 222 F.3d at 112. Moreover, the Court agrees with Magistrate Judge Lovric that Plaintiff is "a pestilent litigator who can only be estopped from pursuing frivolous litigation by sanctions more austere than dismissing her actions." Dkt. No. 5 at 11. As such, Magistrate Judge Lovric correctly recommended that the Court dismiss the complaint with prejudice and that Plaintiff should be referred to Chief Judge Suddaby for a determination whether Plaintiff should be permanently enjoined from filing any additional cases in this District without first obtaining leave from the Chief Judge.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice;** and the Court further

**ORDERS** that the Court refers to Chief Judge Suddaby the recommendation by Magistrate Judge Lovric that Plaintiff be permanently enjoined from filing any other case in this District without leave of the Chief Judge, unless she is represented by counsel; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: July 2, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge